IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALERIE T. AKEYO, Dr.; | **8:20CV300** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| DANIIEL FREDERICH, Mr.; BRENDA S. SPILKER, Mrs.; LAW FIRM, JESSICA POTE, Ms., at Thibault Suhr & Thibault; KEVIN MALTER, Dr., MD; and PERSONAL ASSISTANT, to Mrs. Bremda Spilker (present at hearing)); | |
| Defendants. | |

This matter is before the court for initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains of alleged misconduct during her workers' compensation hearing on August 1, 2018. Plaintiff alleges the presiding judge, "in collaboration with the Defense Attorney," abruptly ordered Plaintiff out of the courtroom to "check on any witness in the hallway" before Plaintiff had "completed her opening remarks and … before submitting [into the] Court record the same Exhibits she … just presented as evidence." Plaintiff, "[f]earing repercussions or wrath if [she] did not comply with [the judge's] order," left the courtroom and returned immediately to report that there was no one in the hallway. Plaintiff alleges that when she returned, "[the judge] and defense attorney were handling Exhibits on [the judge's] desk." Plaintiff alleges the judge then told her to "go back and check down the hallway near the elevator." Plaintiff again complied, but having become suspicious, she returned quickly and peeked inside the courtroom. Plaintiff alleges that she

"cracked the courtroom door open and watched as Defense attorney grabbed Exhibits Plaintiff left on her table and on the OP [and] then handed them to the [judge's] desk." The judge allegedly yelled "Overruled!" when he saw Plaintiff return, and she sat down without saying anything. Plaintiff alleges she discovered after losing the case that her exhibits (consisting of "copies and transparencies Plaintiff used to illustrate extent of her … injuries") were not in evidence, and concludes that the judge twice sent her on a "fool's errand" to search for a non-existent witness in order "to buy time and opportunity to conceal and destroy Plaintiff's evidence." Plaintiff seeks to recover compensatory and punitive damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous[1] or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

---

[1] An in forma pauperis complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.  DISCUSSION

Plaintiff indicates this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claim Against Presiding Judge

Defendant Daniiel Frederich [*sic*], as a workers' compensation court judge within the Nebraska Judicial Branch, is a state official. *See Gardner v. Coe*, No. 8:19CV521, 2020 WL 4201225, at *5 (D. Neb. July 22, 2020). Because Plaintiff's Complaint does not specify that the judge is being sued in his individual capacity, the court must presume he is being sued only in his official capacity. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents."). Simply put, Plaintiff is attempting to sue the State of Nebraska.

A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private

parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff's § 1983 claim, as alleged against the judge in his official capacity, must be dismissed.

But even if Plaintiff were to sue this Defendant in his individual capacity, the claim would be subject to dismissal based on absolute judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here.

## B. Claim Against Defense Attorney

Defendant Brenda S. Spilker is a private attorney who was representing the interests of Plaintiff's employer at the hearing. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999).

"Although § 1983 can only be used to remedy deprivation of rights done under the color of law, a private actor can be liable 'under § 1983 for conspiring with state officials to violate a private citizen's right[s]....'" *White v. McKinley*, 519 F.3d 806, 815-16 (8th Cir. 2008) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 950 (8th Cir. 2005)). "The key inquiry is whether the private party was a willful participant in the corrupt conspiracy." *Id.* at 816. "To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v.*

*Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990) (per curiam); *see Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) ("[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." (quoting *Bonenberger v. St. Louis. Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)).

Here, Plaintiff alleges in conclusory language that the workers' compensation court judge acted "in collaboration with the Defense Attorney," but she has not alleged any facts from which it might reasonably be inferred that defense counsel willingly participated in a civil conspiracy or agreement with the judge to injure Plaintiff by unlawful action. Plaintiff's conclusory allegation of "collaboration" is insufficient to state a claim under 42 U.S.C. § 1983.

## C. Claims Against Other Defendants

Plaintiff's Complaint contains no allegations of wrongdoing on the part of any other named Defendant. They therefore are entitled to be dismissed from the action. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.").

## D. Alleged Criminal Violations

Plaintiff generally asserts that she was denied procedural and substantive due process, and also claims there were criminal violations. As Plaintiff has been told previously, "federal criminal statutes generally do not create constitutional rights cognizable under § 1983." *Akeyo v. Rehm*, No. 8:19CV74, 2019 WL 4918107, at *3 (D. Neb. Oct. 4, 2019) (citation omitted); *see Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) ("[I]t is well-settled that criminal statutes will rarely survive § 1983 analysis."). In any event, the federal criminal statute Plaintiff cites, 18 U.S.C. § 1519 ("Destruction, alteration, or falsification of records in federal investigations and bankruptcy") has no possible application here. The other criminal statute Plaintiff cites, Neb. Rev. Stat. § 28-922, is a state law. "[T]he violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983. *Clay v. Hydro*,

5

No. 19-3245-SAC, 2020 WL 1547814, at *1 n. 1 (D. Kan. Apr. 1, 2020); *Lopp v. Washington*, No. 1:19-CV-540, 2019 WL 4161190, at *4 (W.D. Mich. Sept. 3, 2019) ("Section 1983 does not provide redress for a violation of a state law.").

### E. *Rooker-Feldman* Doctrine

From all appearances, this lawsuit is an impermissible attempt by Plaintiff to collaterally attack an adverse decision of the Nebraska Workers' Compensation Court. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions ... even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

Courts apply the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A party who was unsuccessful in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violated the loser's federal rights." *Johnston v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is frivolous. The judge who presided over her workers' compensation hearing is immune from suit, and no facts are alleged to support a conspiracy claim. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) ("[The plaintiff's] conspiracy claim lacked an arguable basis in fact because he did not allege facts suggesting a mutual understanding or meeting of the minds."). In addition, the criminal statutes Plaintiff cites will not support a § 1983 claim, and this court is without jurisdiction to overturn the adverse decision of the Nebraska Workers' Compensation Court.

Although this action is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2), the court on its own motion will give Plaintiff 30 days in which to file an Amended Complaint. If an Amended Complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1.   Plaintiff shall have 30 days in which to file a non-frivolous Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

2.   If Plaintiff files an Amended Complaint, she shall restate the allegations of the Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an Amended Complaint will supersede, not supplement, her prior pleadings.

3.   The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an Amended Complaint.

4.   The clerk of the court is directed to set the following pro se case management deadline: **October 13, 2020**, check for amended complaint.

Dated this 11th day of September, 2020.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge